1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| FRANK M. MACIAS, | ) Case No. CV 12-0837 JCG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | ) **ORDER** |
| Defendant. | ) |

19     Frank M. Macias ("Plaintiff") challenges the Social Security Commissioner's

20 decision denying his application for disability benefits.  Specifically, Plaintiff

21 contends, among other things, that the Administrative Law Judge ("ALJ")

22 improperly rejected the opinion of his treating physicians, Drs. Victor Wu and

23 Cammy Tsai.  (Joint Stip. at 5-13.)  The Court agrees with Plaintiff for the reasons

24 stated below.

25 ///

26 ///

27

28     [1]   Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R.
Civ. P. 25(d).

A.    An ALJ Must Provide Specific and Legitimate Reasons to Reject the
        Contradicted Opinion of a Treating Physician

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

B.    The ALJ Failed to Provide Specific and Legitimate Reasons for
        Rejecting the Opinions of Drs. Wu and Tsai

Here, the ALJ provided three reasons for rejecting the opinions of Drs. Wu and Tsai. (*See* Administrative Record ("AR") at 26.) The Court addresses – and rejects – all three below.

First, the ALJ found that the opinions of Drs. Wu and Tsai are not supported by objective evidence or the treatment records. (*Id*. at 26.) This characterization, however, is inaccurate. The medical record fully documents Plaintiff's drug resistant Hepatitis C with resulting liver disease, inguinal hernia, and shoulder injury. The record includes laboratory findings, radiological imaging, and clinical assessments supporting Plaintiff's diagnosis and symptoms. (*Id*. at 317-18, 324, 326-27, 343-44, 356-407, 425-26, 429, 433-35, 459-61, 473, 478-79, 485-86, 493-

2

1    94, 495, 500, 506-10, 560-602, 606-08, 610-11, 613, 616, 618, 620-226, 630, 647-

2    52.)  Of particular relevance are the notations in the record of Plaintiff's fatigue,

3    pain, poor concentration, and side effects to medications.  (*Id*. at 317, 324, 356-61,

4    363-64, 433, 473, 485, 493, 560-71, 573, 648.)

5         Moreover, in finding that the treating source opinions were not supported by

6    the treatment records, the ALJ noted the entries in the record describing Plaintiff's

7    liver disease as stable.  (*Id*. at 26.)  Although many of the treatment notes classify

8    Plaintiff's condition as "stable/unchanged," this appears to be more of a boilerplate

9    entry than a reasoned assessment of Plaintiff's condition.  This is evidenced by the

10   fact that on May 23, 2008, Plaintiff's condition was reportedly "stable/unchanged"

11   while, in the same treatment note, Plaintiff's liver functioning was noted to have

12   worsened and his platelet count had decreased.  (*Id*. at 360.)  In addition, on

13   September 18, 2007, Plaintiff was reportedly "asymptomatic" and, on November 14,

14   2007, Plaintiff was reported to be "stable."  (*Id*. at 363.)  However, on October 18,

15   2007, Plaintiff's liver functioning had declined enough that it was thought he "may

16   be bumped up on [the] transplant list."  (*Id*. at 344.)  It is clear from this record that

17   Plaintiff's condition fluctuated often and a notation that he was stable or

18   asymptomatic on any given day is not a reliable indicator of Plaintiff's overall

19   condition.  Nor is it proof that the opinions of the treating source as to Plaintiff's

20   ongoing limitations were invalid.  Accordingly, this justification by the ALJ does not

21   amount to a legitimate reason for rejecting the opinions of Drs. Wu and Tsai.

22        Next, the ALJ rejected the opinions of Drs. Wu and Tsai on the basis that the

23   doctors "appear to be advocating for the claimant to receive benefits, rather than

24   simply treating him."  (AR at 26.)  However, there is no indication in the record that

25   Plaintiff's treating sources offered anything other than an honest assessment.  "The

26   Secretary may not assume that doctors routinely lie in order to help their patients

27   collect disability benefits."  *Lester*, 81 F.3d at 832.  Accordingly, this justification by

28   the ALJ for rejecting the treating source opinions does not amount to a legitimate

1    reason supported by substantial evidence.

2        Finally, the ALJ rejected these medical opinions because the doctors offered

3    conclusions as to Plaintiff's ability to work, which is an issue reserved to the ALJ.

4    (AR at 26.)  It is true that a treating physician's statement on an issue reserved to the

5    Commissioner, such as the ultimate determination of whether a claimant is disabled,

6    is not binding on the ALJ or entitled to special weight.  *See McLeod v. Astrue*, 640

7    F.3d 881, 885 (9th Cir. 2011) ("The law reserves the disability determination to the

8    Commissioner."); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005)

9    ("Although a treating physician's opinion is generally afforded the greatest weight in

10   disability cases, it is not binding on an ALJ with respect to the existence of an

11   impairment or the ultimate determination of disability.") (citation omitted).  The ALJ

12   was, therefore, not bound by the assertions that Plaintiff was unable to work.

13   However, the fact that a treating physician rendered an opinion on the ultimate issue

14   of disability does not relieve the Commissioner of the obligation to state specific and

15   legitimate reasons supported by substantial evidence for rejecting the balance of a

16   treating physician's opinion.  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998);

17   *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).  This reason, therefore, was

18   insufficient to reject outright the opinions of Drs. Wu and Tsai.

19       Accordingly, for the reasons stated above, the Court determines that the ALJ

20   improperly discredited the opinions of Drs. Wu and Tsai.  The Court therefore

21   concludes that the ALJ's decision is not supported by substantial evidence.  *Mayes v.*

22   *Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

23       C.    Remand is Warranted

24       With error established, this Court has discretion to remand or reverse and

25   award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no

26   useful purpose would be served by further proceedings, or where the record has been

27   fully developed, it is appropriate to exercise this discretion to direct an immediate

28   award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  *See id.* at 594.

Here, in light of the ALJ's error, the opinions of Drs. Wu and Tsai must be properly assessed.  Therefore, on remand, the ALJ shall reevaluate the treating source opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: August 7, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

_____

[2]   In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions.  (*See* Joint Stip. at 5-15, 20-22.)  However, on remand, the ALJ is to reconsider the issue of Plaintiff's credibility, as the ALJ's internally inconsistent reasoning on this issue is insufficient to support the credibility determination.  (*See* AR at 28.)